UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81449-CIV-MARRA

JOSEPH NUTINI,

     Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court sua sponte.  Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue sua sponte "applies equally in removal cases" Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

**Background**

On November 20, 2008, Defendant State Farm Mutual Automobile Insurance Company ("Defendant") filed a Notice of Removal (08-81389, DE 1), removing the case from state court on the basis of diversity jurisdiction.  This Court's Order of November 24, 2008 (08-81389, DE 3), remanded this case to state court for Defendant's failure to meet its evidentiary burden regarding the amount in controversy requirement.  On December 8, Defendant, in an attempt to re-remove the case back to federal court, filed an "Amended Notice of Removal," as a new case (08-81449, DE 1) supporting its allegation of the amount in controversy with evidence available to Defendant at the time of the filing of its initial notice of removal.

The Court, concerned about whether it had jurisdiction over the matter, instructed Defendant to file a short memoranda of law on the issue, particularly in light of the holding in De La Sancha v. Taco Bell of America, Inc., 2008 WL 5111331 (S.D. Fla. 2008). The Court has carefully considered Defendant's Response (DE 7), the docket, and is otherwise fully advised in the premises.

The Court concludes that it has no jurisdiction in this action. The Court already entered a final order of remand in this case, determining that the Court could not satisfy itself that it had diversity jurisdiction (08-81389, DE 3). The successive removal petition does not allege a new or different ground for removal from the original removal petition. See Johnson v. America Online, Inc., 280 F.Supp.2d 1018, 1022 (N.D. Cal. 2003) ("To the extent that defendant argues that changed circumstances have made the basis for removal recently apparent, the present notice of removal does not run afoul of § 1447(d).").

A defendant is generally precluded from seeking a second removal on the same ground. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996). Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction." Seedman v. United States District Court for the Central District of Florida, 837 F.2d 413, 414 (9th Cir. 1988).[1] See also Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999). ("Multiple removals could encounter

---

[1]    Title 28 United States Code, Section 1447(d) prohibits review of a remand order "on appeal or otherwise." Furthermore, it is well established that § 1447(d) precludes "not only appellate review, but also reconsideration by the district court" of its own remand order. Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir.1992) (quoting In re La Providencia Dev. Corp., 406 F.2d 251 (1st Cir. 1969)). See also Burr & Forman v. Blair, 470 F.3d 1019, 1034 (11th Cir. 2006) ("In remanding the case, the district court conceded that it lacked jurisdiction. The court was bound by this decision whether or not it was correct.").

problems-could even lead to sanctions - if nothing of significance changes between the first and second tries.") (internal citation omitted).  However, a defendant is not precluded from filing a second notice of removal when there is a change of circumstances.  "A defendant who fails in an attempt to remove on the initial pleadings can file a removal petition **when subsequent pleadings or events reveal a new and different ground for removal**."  Johnson, 280 F.Supp.2d at 1022, quoting Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir.1991) (emphasis added). See Shields v. Washington Nat. Ins. Co., 375 F.Supp.2d 1346 (M.D. Ala. 2005) ("A court may not reconsider a prior remand order because of additional evidence, such as deposition testimony, which only adds evidentiary support to the previously submitted argument. Instead, there must be a new factual basis on which to determine the diversity jurisdiction issue.") (internal citation omitted).

Here, at the time the Court properly issued its final order of remand (08-81389, DE 3), the Court lost jurisdiction over the matter. Corporate Management Advisors, Inc. v. Artjen Complexus, Inc., 2008 WL 4383040, *1 (S.D. Fla. 2008).  Defendant's Amended Notice Of Removal (08-81449, DE 1), does not reinvest the Court with jurisdiction over the case because it does not allege a new or different ground for removal from the original removal petition. See Johnson, 280 F.Supp.2d at 1022.  Rather, it relies on evidence that predates the filing of the original notice of removal to support its claim that the amount in controversy exceeds $75,000.00.  The cases upon which Defendant relies in its Response, Denton v. Wal-Mart Stores, Inc., 733 F.Supp. 340 (M.D. Fla. 1990) and Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961), are procedurally distinct from the instant action.  Those opinions do not address the current situation, in which the case was already remanded prior to the

3

filing of the amended petition for removal.

Since Defendant's Amended Notice of Removal relies upon the same ground as its initial notice, and since the evidence upon which it relies existed at the time the initial notice was filed and rejected, it is hereby

**ORDERED AND ADJUDGED** that this matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of January, 2009.

_____

KENNETH A.  MARRA
United States District Judge